UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **VALERIE NICOLE POUNCY** | **CIV. ACTION NO. 5:21-00404** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Attorney Fees [doc. # 22] filed by Plaintiff Valerie Pouncy pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the requested fee award but contends that the sums should be made payable to Plaintiff, as the prevailing party, rather than her attorney. (Gov.'t Response [doc. # 27]). As further explained below, it is recommended that the motion be GRANTED, as modified, and that the Commissioner be ordered to pay attorney's fees in the amount of $6,130.00 (27.2 hours at $200.00/hr., plus 6.9 hours at $100/hr.), together with expenses of 17.58.

## Analysis

The EAJA states that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not

---

[1] On September 22, 2022, the District Court entered judgment reversing and remanding this

contest that Plaintiff is entitled to recover fees, and therefore does not contest that Plaintiff is the prevailing party.

I.     **Reasonable Fees**

The EAJA provides, in relevant part, that the amount of fees awarded:

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). "Section 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988). In the end, "[a]n award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (unpubl.).

When assessing statutorily authorized attorneys' fees, the court first must calculate a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008) (citation omitted).[2] The lodestar amount is presumptively reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir.2013) (citation omitted). However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the circumstances of the case, and the relative weights of the twelve factors set forth in *Johnson v. Georgia*

---

case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 21]).

[2] The Fifth Circuit has adopted the "lodestar" method for determining the reasonableness of fees under the EAJA. *Sanders, supra*.

*Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *McClain, supra*; *Black, supra*.[3]

In this case, Plaintiff initially requested an attorney's fee award of $5,450.00, which she computed, as follows: 27.2 hours x $175.00 per hour for attorney time, plus 6.9 hours x $100 per hour for paralegal work. The Commissioner does not contest the reasonableness of the time expended by counsel, and, thus, neither does the court. (Gov.'t Resp. [doc. # 27]).

In *Carr v. Kijakazi*, however, this court recently considered prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area, before adopting an hourly rate of $200.00 per hour for pending and future EAJA petitions for services performed in 2021, 2022, and going forward. *See Carr v. Kijakazi*, Civ. Action No. 21-4454 (W.D. La.) (R&R and Judgment [doc. #s 21-22]). Here, although Plaintiff requested an hourly fee of $175 for attorney time, it is manifest that she did so pursuant to *Montgomery v. Colvin*,[4] which, until recently, established this court's maximum hourly rate for EAJA petitions. In accordance with the findings and analysis set forth in *Carr v. Kijakazi*, the court will award fees for attorney time in this case at an hourly rate of $200.

Plaintiff requests compensation for paralegal work at an hourly rate of $100. The Supreme Court has held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Nkenglefac v. Garland*, 64 F.4th 251, 255 (5th Cir. 2023) (citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590, 128 S.Ct. 2007 (2008)). Moreover, this court previously has approved an EAJA fee

---

[3] The district court need not expressly discuss all of the *Johnson* factors so long as it arrives at a just compensation based upon appropriate standards. *Sanders, supra* (citation omitted).

[4] *Montgomery v. Colvin*, Civ. Action No. 14-3120 (W. D. La.) (Superseding R&R [doc. # 30] and Judgment [doc. # 31]). )

3

award for paralegal time at a rate of $100 per hour. *See Lott v. Berryhill*, Civ. Action No. 17-0783 (W.D. La.) (R&R and Judgment [doc. #s 21-22]). More recently, the Fifth Circuit has approved a paralegal rate of $100 per hour. *Nkenglefac, supra*. Considering this district's hourly rate of $200 for attorney work, and the Commissioner's lack of opposition to the requested hourly rate for paralegals, the court finds that a rate of $100 per hour for paralegal work is reasonable.

Accordingly, multiplying 27.2 hours of attorney time expended on this case times $200.00 per hour, added with 6.9 hours of paralegal work times $100 per hour, produces a lodestar of $6,130.00.

The court now must consider the remaining *Johnson* factors to determine if the lodestar amount should be adjusted. In so doing, the court may not double count any *Johnson* factor that was considered in calculating the lodestar amount. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565 (1986); *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22. Furthermore, the record in this case does not support an adjustment of the lodestar amount based on the remaining *Johnson* factors. For example, there is no evidence that the case was particularly undesirable. Nor does the nature of the professional relationship between Plaintiff and counsel indicate that an adjustment should be made. Finally, the parties do not urge any adjustment.

## II. Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses also are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, Plaintiff seeks to recover certified mailing expenses for the summons in the amount of $17.58. The Commissioner did not interpose an objection, and the court finds that the requested expense is reasonable and necessary.

## III. Check Payable to Plaintiff

Plaintiff's counsel contends that payment of fees should be made directly to counsel – provided Plaintiff does not owe a federal debt. However, the court has considered and consistently rejected this argument previously. *See McLeland v. Astrue*, Civ. Action No. 09-0219, 2010 WL 3704915 (W.D. La. Sept. 13, 2010); *Lott, supra*. The same result is compelled here.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Plaintiff's Motion for Attorney Fees [doc. # 22] be GRANTED, as modified, and that the Commissioner shall remit to Plaintiff's counsel a check made payable to Plaintiff Valerie Pouncy for attorney's fees in the amount of $6,130.00 (27.2 hours at $200.00/hr., plus 6.9 hours at $100/hr.), together with expenses of 17.58.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 3rd day of May, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE